**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-01018 VAP (OPx)                             Date:  February 3, 2010

Title:   WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE -v- BENITO D. HERNANDEZ, and DOES 1-5
=================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                                      None Present
      Courtroom Deputy                                           Court Reporter

ATTORNEYS PRESENT FOR                        ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                  DEFENDANTS:

      None                                                                    None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY (IN CHAMBERS)

     On February 19, 2009, Plaintiff Wells Fargo Bank National Association ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendant Benito D. Hernandez ("Defendant").  On June 3, 2009, Defendant removed the action on the basis of federal question jurisdiction.  (<u>See</u> Not. of Removal at 3.)

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441, <u>et seq</u>.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992), citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990); <u>see also</u> <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir.

MINUTES FORM 11                                               Initials of Deputy Clerk ___md____
CIVIL -- GEN                                    Page 1

EDCV 09-01018 VAP (OPx)
WELLS FARGO BANK, NATIONAL ASSOCIATION v. BENITO D. HERNANDEZ, and DOES 1-5
MINUTE ORDER of February 3, 2010

2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Defendant claims the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "aris[e] under" federal law, including the Fair Debt Collections Act ("FDCA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership and Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), the Federal Trade Commission Act ("FTCA"), and the Racketeer Influenced and Corrupt Organizations law ("RICO"). (See Not. of Removal at 2-3.)

    From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

    Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California, San Bernardino County.

    **IT IS SO ORDERED.**